UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 MAR 23 PM 2: 30

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| KAREEM JABAAR TAYLOR,    )<br>                                              )<br>    Plaintiff,                         )<br>                                              )<br>v.                                          )<br>                                              )<br>JAMES E. DONALD, et al.,      )<br>                                              )<br>    Defendants.                     ) | Case No. CV406-230 |

### REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On September 21, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. The Court entered a Report and Recommendation on November 6, 2006 recommending that plaintiff's complaint be dismissed for failure to submit his forms. Doc. 4. Plaintiff filed and the Court granted a motion for extension of time to submit his forms. Docs. 6, 8. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff claims that when Commissioner James E. Donald accepted him into the Georgia Department of Corrections, "he agreed to provide [him] with all the rights and privileges given to all state prisoners regardless of the severity of there [sic] disability." Doc. 1. Plaintiff alleges that by placing him in a facility that cannot provide him with the adequate

medical equipment and assistance, defendant Donald is "personally responsible for depriving [him] of [his] rights." Id. Plaintiff seeks monetary compensation for the mental abuse that he has allegedly suffered and continues to suffer as a result of the lack of adequate medical care and treatment. Id.

Plaintiff appears to be bringing a claim for denial of medical care in violation of the Eighth Amendment. The Eighth Amendment requires prison authorities to provide medical care for those they incarcerate, and the Supreme Court has held that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 103, 105 (1976). For denial of medical care to constitute an Eighth Amendment violation, the plaintiff must show: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). However, "a complaint that a physician has been *negligent* in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429

U.S. at 106 (emphasis added) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) ("'[I]t is obduracy and wantonness, not inadvertence or error in good faith,' that violates the Eighth Amendment in 'supplying medical needs.'") (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)); Edwards v. Battalino, 232 F.3d 894, *1 (9th Cir. 2000) (evidence showing defendants were negligent in failing to administer psychotropic drugs insufficient to state § 1983 cause of action). Plaintiff must also allege and prove a "subjective awareness of the relevant risk" by medical personnel. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff has named Commissioner James E. Donald as a defendant. Plaintiff is apparently attempting to pursue a claim of vicarious liability against defendant Donald. Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Department of Social Services of New York, 436 U.S. 658, 691 (1978). Rather, the plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal

4

connection between the official's acts or omissions and the injury allegedly sustained. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or promulgated an official policy or failed to act after a history of widespread abuse put the official on notice of the need to take corrective action. Brown, 906 F.2d at 671; Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988). A plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n., 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). Thus, "the standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, plaintiff does not allege that Commissioner Donald personally participated in any denial of medical care or that he promulgated any policy

5

that led to a violation of his Eighth Amendment rights. Instead, plaintiff contends that Commissioner Donald is "personally responsible" for the inadequate medical equipment and assistance at Coastal State Prison. Doc. 1. Plaintiff offers no support for this conclusory contention, and without more, such an allegation does not meet the rigorous standard required to establish supervisory liability. Plaintiff fails to allege any facts which would demonstrate that the Commissioner's knowledge of any deficiencies of medical treatment at Coastal State Prison was so pervasive that his refusal to prevent plaintiff's injuries "rises to the level of custom or policy of depriving [plaintiff] of [his] constitutional rights." Tittle, 10 F. 3d at 1541. Plaintiff has failed to establish a causal connection between any acts or omissions of Commissioner Donald and his injuries. Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Donald and should be DISMISSED as to this defendant.

Plaintiff has failed to state a colorable claim under § 1983 against the remaining defendants, Thalrone Williams, Sgt. James Deal, Deputy Warden Katrina Hagan, Deputy Warden Gregory Thomas, Medical Administration Officer Milton, and Dr. Fogam. Plaintiff has failed to make any specific

claim against these defendants and does not even mention these defendants in the body of his complaint. Thus, plaintiff has not made any attempt to demonstrate direct involvement of these defendants or any link between the defendants' actions and any alleged constitutional deprivation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982); see also Tuley v. Heyd, 482 F.2d 590, 594 (5th Cir. 1973) (noting that "the inclusion of . . . names and notations of office in the caption does not amount to an allegation . . . .").

Based on the foregoing, the Court concludes that plaintiff has failed to state a claim of deliberate indifference as to his medical needs under § 1983 against any of the named defendants. His complaint should therefore be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 23rd day of March, **2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA